UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JACQUELINE LOPEZ and EZEQUIEL OSPINA,

                        Plaintiff,

    -v-

THE CITY OF NEW YORK; New York City Police
Department ("NYPD") Officer ("P.O.") WILLIAM
HAYES (Shield No. 26373), and P.O. JOHN DOE's
1 - 3;
                        Defendants.
----------------------------------------------------------------x

**COMPLAINT AND DEMAND FOR A JURY TRIAL**

Index No.

Plaintiffs JACQUELINE LOPEZ and EZEQUIEL OSPINA through their attorneys Gillian Cassell-Stiga and David B. Rankin of Rankin & Taylor, PLLC as and for their complaint, do hereby state and allege:

## PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiffs' rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983.

2. Plaintiffs JACQUELINE LOPEZ and EZEQUIEL OSPINA's rights were violated when defendant officers of the New York City Police Department ("NYPD") unconstitutionally and without any legal basis used unlawful force against them. By reason of defendants' actions, including their unreasonable and unlawful seizure of plaintiffs' person, plaintiffs were deprived of their constitutional rights.

3. Plaintiffs also seek an award of compensatory and punitive damages and attorneys' fees.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that plaintiffs' claims arose in the Eastern District of New York.

6. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

## PARTIES

7. Plaintiffs JACQUELINE LOPEZ ("LOPEZ") and EZEQUIEL OSPINA ("OSPINA") were at all times relevant to this action residents of Kings County in the State of New York.

8. Defendant THE CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

9. Defendants NYPD Officer ("P.O.") WILLIAM HAYES (Shield No. 26373) ("HAYES"), and P.O. JOHN DOE's 1 through 3, are and were at all times relevant herein, officers, employees and agents of the NYPD acting under color of state law in the course and scope of their duties and functions and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in

2

them as officers, employees and agents of the NYPD and incidental to the lawful pursuit of their duties as officers, employees, and agents of the NYPD.

10. The individual defendants are being sued herein in their individual capacities.

11. The individual defendant's acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of plaintiffs' rights.

12. At all relevant times the individual defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

13. The true names and shield numbers of defendants P.O. JOHN DOE's 1 through 3 are not currently known to the plaintiffs.[1] However, they are employees or agents of the NYPD. Accordingly, they are entitled to representation in this action by the New York City Law Department ("Law Department") upon their request, pursuant to New York State General Municipal Law § 50-k. The Law Department, then, is hereby put on notice (a) that plaintiffs intend to name said officers as defendants in an amended pleading once the true names and shield numbers of said defendants become known to plaintiff and (b) that the Law Department should immediately begin preparing their defense in this action.

## STATEMENT OF FACTS

14. At approximately 9:00 p.m. on July 21, 2012, JACQUELINE LOPEZ and her then sixteen-year-old son EZEQUIEL OSPINA exited Maria Hernandez Park on Knickerbocker Avenue at the northeast corner of the park at Irving Avenue and Suydam Street after playing basketball.

---

[1] By identifying said defendants as "John Doe" or "Richard Roe," plaintiffs are making no representations as to the gender of said defendants.

15. Plaintiffs Ms. LOPEZ and Mr. OSPINA were walking south on Irving Avenue toward DeKalb Avenue when they observed a crowd on DeKalb Avenue.

16. Plaintiff Mr. OSPINA went forward into the crowd, attempting to see what was going on.

17. Defendants P.O. JOHN DOEs 1 and 2 maliciously grabbed plaintiff Mr. OSPINA, hurled him to the ground.

18. Plaintiff Ms. LOPEZ, having witnessed the assault of Mr. OSPINA, moved towards him. At that time, defendants P.O. JOHN DOE 3 and defendant P.O. HAYES grabbed plaintiff Ms. LOPEZ and twisted her arms behind her back to handcuff her.

19. Without justification, defendant P.O. HAYES struck plaintiff Ms. LOPEZ multiple times in the legs.

20. P.O. JOHN DOE 4 stated in sum and substance to defendant P.O. HAYES, "WHY ARE YOU TREATING HER LIKE THAT? SHE IS NOT RESISTING ARREST."

21. Plaintiff Mr. OSPINA was led to a police vehicle by P.O. DOE 1, and upon arriving P.O. DOE slammed plaintiff OSPINA's head against the vehicle severely.

22. P.O. DOE 2 then grabbed and held plaintiff Mr. OSPINA by the neck while P.O. DOE 1 punched plaintiff Mr. OSPINA multiple times in the torso.

23. Plaintiff Mr. OSPINA went to Wyckoff Heights Medical Center, where Mr. OSPINA received medical attention.

24. Defendants HAYES falsely swore out criminal complaints against the plaintiffs.

25. Plaintiffs Ms. LOPEZ and Mr. OSPINA were arraigned on the charges of Obstruction of Governmental Administration, P.L. § 195.05, and Resisting Arrest, P.L. § 205.30.

26. Plaintiffs Ms. LOPEZ and Mr. OSPINA spent approximately 24 hours in the defendants' custody as a result of their arrest and both received adjournments in contemplation of dismissal.

27. As a result of the unlawful arrest and excessive force used against them by the NYPD, plaintiffs experienced loss of property, physical injury, pain, suffering, mental anguish, and humiliation.

### FIRST CLAIM
### DEPRIVATION OF RIGHTS
### UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983
(Against all Defendants)

28. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

29. Defendants, under color of state law, subjected plaintiffs to the foregoing acts and omissions, thereby depriving plaintiffs of their rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights: (a) freedom from unreasonable seizure of their persons – including the use of excessive force; (b) freedom from arrest without probable cause; (c) freedom from false imprisonment; (d) freedom from the lodging of false charges against them by police officers; and (e) freedom from having police officers fabricate evidence against them.

30. Defendants' deprivation of plaintiffs' constitutional rights resulted in the injuries and damages set forth above.

## SECOND CLAIM FOR RELIEF
## LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS
### (Against all the City of New York)

31. Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

32. At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

33. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline its employees and police officers, including defendants P.O. HAYES and P.O. JOHN DOEs 1-3, and failed to inform the individual defendant's supervisors of their need to train, screen, supervise or discipline the individual defendants, concerning the proper parties who may be arrested.

34. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiffs' constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

35. As a result of the foregoing, plaintiffs were deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and were otherwise damaged and injured.

## JURY DEMAND

36. Plaintiffs demand a trial by jury in this action on each and every one of their damage claims.

WHEREFORE, plaintiffs demand judgment against the defendants individually and jointly and pray for relief as follows:

a. That they be compensated for violation of constitutional rights, pain, suffering, mental anguish, and humiliation; and

b. That they be awarded punitive damages against the individual defendants; and

c. That they be compensated for attorneys' fees and the costs and disbursements of this action; and

d. For such other further and different relief as to the Court may seem just and proper.

Dated:   New York, New York
         March 3, 2015

Respectfully submitted,

By: /s/ Gillian Cassell-Stiga

Gillian Cassell-Stiga
David B. Rankin
Rankin & Taylor, PLLC
*Attorneys for the Plaintiff*
11 Park Place, Suite 914
New York, New York 1007
Ph: 212-226-4507